UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN R. OEHLER and SHARON C. OEHLER, ) <br> ) <br> Defendants. ) | Civil No. 18-cv-7330 |

**COMPLAINT**

The United States of America, by its undersigned counsel, pursuant to 26 U.S.C § 7401, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action to recover erroneous refunds of income taxes, plus interest, made to Defendants John R. Oehler and Sharon C. Oehler and to obtain a judgment against them for the amount of the erroneous refund, plus statutory interest thereon, and alleges as follows for its complaint in this matter.

1. This action is brought pursuant to 26 U.S.C. § 7405(b) to recover erroneous refunds of federal taxes paid to the Defendants John R. Oehler and Sharon C. Oehler.

2. This Court has jurisdiction over the subject matter of this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3. Defendant John R. Oehler resides within the jurisdiction of the Court.

4. Defendant Sharon C. Oehler resides within the jurisdiction of the Court.

5. Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

6. During at least the year 2013, John R. Oehler was the sole shareholder of Broadway Electric, Inc. (hereinafter, "Broadway"), a Subchapter S corporation.

7. On March 4, 2014, Broadway filed with the IRS a Form 1120S for the 2013 tax

year, reflecting ordinary business income in the amount of $1,401,624.

8.  On April 10, 2014, John and Sharon Oehler filed with the IRS Form 1040 Federal Income Tax Return for the year 2013. They paid all taxes reported on the return. On the return, income flowing through Broadway was reported.

9.  In January 2015, Broadway engaged Alliantgroup, LP, to perform an Energy Efficient Commercial Building Deduction Study ("179D Study") for 2011-2015. Broadway subsequently engaged Alliantgroup to perform a Research and Development Tax Credit Study for 2012-2015.

10. On August 5, 2016, Broadway attempted to file with the IRS an amended Form 1120S for 2013. The amended return claimed a credit in the amount of $149,393.00 for increasing research activities under 26 U.S.C. § 41. The return also claimed a deduction under 26 U.S.C. §179D in the amount of $1,230,122.00 for the cost of Energy Efficient Commercial Buildings placed in service.

11. Due to an error at the IRS service center, the amended Form 1120S was not posted. A second amended return was prepared and signed by John Oehler on November 1, 2016. It was date stamped by the IRS on November 7, 2016. The second amended 1120S was rejected on March 20, 2017, due to an error in reporting the research credit. Specifically, Broadway did not subtract the amount of the research credit from wage expense, as required by 26 U.S.C. § 280C.

12. On September 6, 2016, the IRS received a Form 1040X, amended individual income tax return, for 2013 for John and Sharon Oehler, signed on September 1, 2016. The changes reflected on the Oehlers' amended return related to, and flowed from, the changes that Broadway had made on its amended Form 1120S for 2013. The Form 1040X for 2013 reflected

a reduction in the Oehlers' income tax liability in the amount of $459,102.00.

13. On November 4, 2016, the IRS issued to the Oehlers a refund in the amount of $497,760.01, which reflected the amount of the refund claimed by the Oehlers on their amended Form 1040 for 2013, plus statutory overpayment interest of $39,047.26, less an overpayment transfer of $389.25 to 2015.

14. For the year 2013, Broadway is not entitled to the credits under 26 U.S.C. § 41 that it claimed on its amended Form 1120S because Broadway failed to comply with the statutory and regulatory requirements under 26 U.S.C. § 41.

15. For the year 2013, Broadway is not entitled to the credits under 26 U.S.C. § 41 that it claimed on its amended Form 1120S because Broadway claimed the credits for activities that did not constitute qualified research under 26 U.S.C. § 41(d). Broadway did not engage in technological or scientific research to design and/or create new or improved business components of Broadway. Rather, Broadway installed electrical components, products, materials, and systems meeting the plans and specifications designed and/or created by customers or other contractors.

16. For the year 2013, Broadway is not entitled to the credits under 26 U.S.C. § 41 that it claimed on its amended Form 1120S because Broadway did not maintain, and did not claim and compute credits under 26 U.S.C. § 41 with, sufficient documentation and substantiation of the percentage of overall work time that specified employees spent performing or supervising performance of allegedly qualified research under 26 U.S.C. § 41(d), the hours and wages attributable to such work by those employees, and the nature and specifics of such work by those employees.

17. For the year 2013, Broadway is not entitled to the credits under 26 U.S.C. § 41

that it claimed on its amended Form 1120S because Broadway claimed the credits based on computations that are incorrect under 26 U.S.C. § 41.

18. For the year 2013, Broadway is not entitled to the credits under 26 U.S.C. § 41 that it claimed on its amended Form 1120S because Broadway claimed the credits based on an invalid statistical sampling of 26 projects that did not involve qualified research under 26 U.S.C. §41(d) and that used wage expense data that is based on insufficient documentation and substantiation of the percentage of overall work time that specified employees spent performing or supervising performance of allegedly qualified research under 26 U.S.C. § 41(d), the hours and wages attributable to such work by those employees, and the nature and specifics of such work by those employees. The statistical sampling report also is invalid because it was not prepared using accepted statistical sampling methodology and it was not prepared in compliance with Internal Revenue procedures.

19. The IRS provided Broadway / the Oehlers with an examination report for 2013 that contained additional grounds for disallowing the credits claimed under 26 U.S.C. § 41.

20. For the year 2013, Broadway is not entitled to the deductions under 26 U.S.C. § 179D that it claimed on its amended Form 1120S because Broadway failed to comply with the statutory and regulatory requirements under 26 U.S.C. § 179D.

21. For the year 2013, Broadway is not entitled to the deductions under 26 U.S.C. § 179D that it claimed on its amended Form 1120S because Broadway was not the designer of energy efficient property as required under the statute and applicable regulations. Rather, Broadway installed electrical components, products, materials, and systems meeting the drawings, blueprints, plans, and specifications designed by its customers or by engineers, architects or other contractors hired by its customers.

22. For the year 2013, Broadway is not entitled to the deductions under 26 U.S.C. § 179D that it claimed on its amended Form 1120S because the allocation forms obtained by Alliantgroup did not conform with the statutory and regulatory requirements for such forms and were not signed by a representative authorized to sign them.

23. The IRS provided Broadway / the Oehlers with an examination report that contained additional grounds for disallowing the deductions claimed under 26 U.S.C. § 179D.

24. The Oehlers are not entitled to the refunds that they claimed on Form 1040X for 2013 because those refunds are based on the flow-through of the credits under 26 U.S.C. § 41 and income reduced by deductions under 26 U.S.C. § 179D that Broadway incorrectly claimed/reported on its amended Form 1120S for 2013.

25. The IRS erroneously issued the Oehlers the refunds claimed on the Oehlers' Form 1040X for 2013.

26. The amount of interest due on the erroneous refund as of October 19, 2018, is $43,487.59.

27. This action is timely under 26 U.S.C. § 6532(b).

**WHEREFORE**, the Plaintiff United States of America prays for the following relief:

a. That this Court order, adjudge, and decree that the Defendants John R. and Sharon C. Oehler are jointly and severally indebted to the United States of America in the amount of $541,247.60 for tax year 2013, plus interest on that amount from October 19, 2018 until paid, at the underpayment rate established under 26 U.S.C. §§ 6621 and 6622, and that judgment be entered against them in favor of the United States of America in that amount; and

b.      That the United States be granted its costs in this action, and such other relief as the Court deems just and appropriate.

                                             */s/ Robert J. Wille*
                                             ROBERT J. WILLE
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             Post Office Box 55
                                             Washington, D.C.  20044
                                             Telephone:  (202) 514-5573
                                             Telephone Facsimile: (202) 514-5238
                                             E-Mail: Robert.j.wille@usdoj.gov